UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE G. LIPOV,

               Plaintiff,                       Case No. 1:12-cv-439

v.                                       HON. JANET T. NEFF

LOUISIANA-PACIFIC CORP.,

               Defendant.

_____/

**OPINION**

       Pending before the Court in this product liability action is Defendant's Partial Motion to

Dismiss (Dkt 21), to which Plaintiff filed a Response (Dkt 23) and Defendant filed a Reply (Dkt 25).

The motion is being decided without oral argument.  *See* W.D. Mich. LCivR 7.2(d).  After careful

consideration of the parties' arguments and applicable law, the Court grants Defendant's motion.

**I.  BACKGROUND**

       Plaintiff Lipov, a resident and citizen of Illinois, owns a house in Grand Beach, Michigan

(Dkt 14, Am. Compl. ¶ 8).  The house was built in 2008 and contains ABTCO TrimBoard

("TrimBoard"), which was designed, manufactured, marketed, advertised and sold by Defendant

Louisiana-Pacific Corporation ("LP") (*id.* ¶ 1).  TrimBoard is a manufactured wood exterior trim

product for use as fascia, soffit, corner board, bandboards, window trim, door trim and general

exterior use on homes and other structures (*id.* ¶ 2).  The TrimBoard product came with a "10/5 Year

Limited Warranty," the "LP Warranty" (Dkt 22-1, Ex. A to Def. Mot.).

       According to Plaintiff, the TrimBoard contained design and manufacturing defects that

resulted in deterioration (Dkt 14, Am. Compl. ¶ 4).  On May 3, 2012, Plaintiff filed this purported

class action against Defendant, alleging unfair and deceptive trade practices in violation of MICH.
COMP. LAWS § 445.903 (Count I), breach of express warranty (Count II), breach of implied warranty
of merchantability (Count III), breach of implied warranty of fitness for a particular purpose (Count
IV), fraudulent misrepresentation (Count V), fraudulent concealment (Count VI), unjust enrichment
(Count VII), and "declaratory relief" (Count VIII). Plaintiff subsequently filed a First Amended
Complaint to clarify that the declaratory relief he seeks in this case does not constitute a separate
count (Dkt 14).

Following a Pre-Motion Conference, the Court issued a briefing schedule, permitting the
parties to brief Defendant's proposed Motion to Dismiss (Dkt 18).[1] Defendant filed its Partial
Motion to Dismiss, arguing that this Court should dismiss all of Plaintiff's claims except for his
express warranty claim under the LP Warranty (Dkt 21). Plaintiff filed a response, wholly failing
to respond to some of Defendant's challenges (Dkt 23). Defendant filed a Reply to the Response
(Dkt 25).

## II.  ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon
which relief can be granted. FED. R. CIV. P. 12(b)(6). "'A [Rule 12(b)(6)] motion to dismiss for
failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a
challenge to the plaintiff's factual allegations.'" *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir.

---

[1]Resolving any dispositive motions in this case before examining the class certification
allegations is, in this Court's opinion, in the interest of overall efficiency. *See* FED. R. CIV. P.
23(c)(1) (requiring only that courts decide motions for class certification "at an early practicable
time").

2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005)). In deciding the motion, the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Id.* "When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

A plaintiff's complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the "no set of facts" formulation); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (clarifying that its decision in *Twombly* expounded the pleading standard for "all civil actions"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B. Discussion**

***Count I.*** In Count I of his Amended Complaint (Violation of Michigan Comp. Laws § 445.903), Plaintiff alleges that Defendant's conduct in this case constitutes "unfair, unconscionable, or deceptive acts or practices" in violation of Michigan's Consumer Protection Act (MCPA). Specifically, Plaintiff alleges the following violations:

3

a.  Defendant represented to Plaintiff and the Class that the Trimboard had characteristics, uses, and benefits that they [sic] did not have, specifically, that the Trimboard was a dependable, high-quality products [sic], free of defects; Defendant thus violated of [sic] MICH. COMP. LAWS § 445.903(1)(c);

b.  Defendant represented to Plaintiff and the Class that the Trimboard were [sic] of very high standard and quality when they were [sic], in fact, of a much lesser standard or quality (and in fact were [sic] defective), in violation of MICH. COMP. LAWS § 445.903(1)(e);

c.  Defendant failed to reveal to Plaintiff or the Class material facts that neither Plaintiff nor the Class could reasonable have known, causing Plaintiff and the Class to be misled and deceived, including that (i) Defendant's Trimboard was defective; and (ii) that Defendant's Trimboard would fail, leading to damage to the very structures they [sic] were purchased to protect, in violation of MICH. COMP. LAWS § 445.903(1)(s);

d.  Defendant failed to provide the benefits of its Trimboard that Defendant promised to Plaintiff and the Class, including that the Trimboard was fit for the use for which it was intended and were [sic] free of defects, in violation of MICH. COMP. LAWS § 445.903(1)(y);

e.  Defendant failed to provide the benefits set forth in its warranty for its Trimboard by failing to respond to customer complaints and/or failing to honor its warranties in violation of MICH. COMP. LAWS §445.903(1)(y);

f.  Defendant made numerous representations of material fact such that Plaintiff and the Class reasonably believed the represented or suggested state of affairs to be other than it actually was, including that the Trimboard was fit for the purpose for which it was intended, that the Trimboard was free of manufacturing defects, and that the Defendant would honor its warranty for its Trimboard; Defendant's conduct thus violated MICH. COMP. LAWS § 445.903(1)(bb); and

g.  Defendant failed to reveal material facts to Plaintiff and the Class in light of representations of fact that it made to Plaintiff and the Class; specifically, Defendant intentionally concealed from Plaintiff and the Class that its Trimboard were [sic] defective, while continually marketing the Trimboard as dependable, high-quality products [sic]. Defendant's conduct thus violated MICH. COMP. LAWS § 445.903(1)(cc).

(Dkt 14, Am. Compl. ¶ 54).

Michigan generally prohibits the use of unfair, unconscionable, or deceptive methods, acts

4

or practices in the conduct of trade or commerce. MICH. COMP. LAWS § 445.903(1). Claims under the MPCA for fraud or mistake must state the circumstances with particularity. *HRL Land or Sea Yachts v. Travel Supreme, Inc.*, No. 1:07-cv-945, 2009 WL 427375, at *8 (W.D. Mich. Feb. 20, 2009); *Michels v. Monaco Coach Corp.*, 298 F.Supp.2d 642, 650 (E.D. Mich. 2003) (citing FED. R. CIV. P. 9(b)). When the MPCA claim is based on breach of express or implied warranties, the claim need not be pled with the same level of specificity. *Michels, supra.* However, a buyer may not assert a claim against a seller under the MCPA for alleged warranty related misrepresentations when the seller disclaimed all express and implied warranties. *Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 309, 314 (E.D. Mich. 2005); *Ducharme v. A & S RV Center, Inc.*, 321 F.Supp.2d 843, 856 (E.D. Mich. 2004).

The MCPA violations Plaintiff alleges in ¶ 54(d) and (e) under MICH. COMP. LAWS § 445.903(1)(y) merely restate his breach of warranty claims. As discussed at greater length, *infra,* Plaintiff abandoned his claim in Count II for breach of express warranties other than under the LP Warranty, and Defendant has properly disclaimed all implied warranties; therefore, Plaintiff's warranty-based MCPA claims fail. "[A] buyer may not assert a claim against a seller under the MCPA for alleged warranty related misrepresentations when the seller disclaimed all express and implied warranties." *HRL Land,* 2009 WL 427375, at *8.

Plaintiff's remaining MCPA allegations involve several fraud-based subsections of the MCPA. Like its challenges to Plaintiff's Count V (Fraudulent Misrepresentation) and Count VI (Fraudulent Concealment), counts that Plaintiff abandoned, Defendant asserts that Plaintiff's fraud-based MCPA claims in Count I similarly fail to state a claim because Plaintiff did not plead these claims with sufficient specificity (Dkt 22 at 16). Defendant points out that Plaintiff has failed to

plead (a) what statements were made to him, (b) the time and place of each purported statement, (c) the manner in which the statements misled him, and (d) how he detrimentally relied on the statements, or that Defendant sold TrimBoard directly to Plaintiff (*id.*).

In response, Plaintiff directs this Court's attention to two introductory paragraphs of his Amended Complaint (Dkt 24 at 14), but these two paragraphs merely identify the representations Defendant made in its product materials (Dkt 24 at 14, citing Am. Compl. ¶¶ 21 & 25). Plaintiff has not directed this Court to any place in his Amended Complaint particularly stating the circumstances constituting fraud. Indeed, as Defendant points out in Reply, Plaintiff has failed to allege that he even saw any of the offending materials that allegedly contained these representations (Dkt 25 at 11). In sum, treating all well-pleaded allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences from those allegations in favor of Plaintiff, Plaintiff's first count does not present enough facts to state a claim to relief under the MCPA that is plausible on its face. Defendant is therefore entitled to dismissal of Count I.

*Count II.* In Count II of his Amended Complaint (Breach of Express Warranty), Plaintiff alleges that "Defendants' affirmations, as well as the ten-year warranty accompanying Trimboard, became the basis of the bargain for Plaintiff and Class members purchasing Trimboard or homes, apartments, office buildings or other structures containing Trimboard" (Dkt 14, Am. Compl. ¶ 62). Defendant argues that Plaintiff's claim fails to the extent Plaintiff asserts a claim for a breach of any express warranty other than under the LP Warranty provided with the TrimBoard (Dkt 22 at 8-9). Plaintiff did not respond to Defendant's challenge to Count II, and this Court construes the omission as evidence of Plaintiff's intent to abandon this portion of his claim in Count II. Therefore, this Court dismisses Plaintiff's claim in Count II for breach of express warranties other than Plaintiff's

claim under the LP Warranty.

**Counts III & IV.**  In Count III of his Amended Complaint (Breach of Implied Warranty of Merchantability), Plaintiff alleges that Defendant "breached the implied warranty of merchantability by selling its Trimboard that was defective and not reasonably fit for its ordinary purpose" (Dkt 14, Am. Compl. ¶ 71).  Similarly, in Count IV (Breach of Implied Warranty of Fitness for a Particular Purpose), Plaintiff alleges that Defendant "breached the implied warranty of fitness for a particular purpose by selling its Trimboard that was defective and not reasonably fit for its ordinary purpose" (*id.* ¶ 80).

A warranty of merchantability and warranty of fitness for a particular purpose is implied into every consumer contract unless expressly and conspicuously disclaimed.  *See* MICH. COMP. LAWS §§ 440.2314-2315.  MICH. COMP. LAWS § 440.2316(2) provides, in pertinent part, that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous."  Michigan law further instructs that

> "Conspicuous," with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the court.  Conspicuous terms include any of the following:
>
> (*i*)     A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to surrounding text of the same or lesser size.
>
> (*ii*)    Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

MICH. COMP. LAWS § 440.1201(2)(j).

Here, the LP Warranty provides, in pertinent part, the following:

**NOTICE: THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANT ABILITY AND FITNESS FOR A PARTICULAR PURPOSE. . . .**

(Dkt 22-1, Ex. A to Def. Mot. [bold and capitalization in original]).

The above disclaimer mentions merchantability. Further, although Plaintiff attempts to require here the characteristics of disclaimers examined in other cases, the Court determines that the language of Defendant's disclaimer is "conspicuous" within the meaning of Michigan law where it is titled "10/5 YEAR LIMITED WARRANTY" and stated in capital letters and bold font. Defendant therefore properly disclaimed the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Treating all well-pleaded allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences from those allegations in favor of Plaintiff, Plaintiff's Counts III and IV fail to state implied warranty claims that are plausible on their face. Defendant is therefore entitled to dismissal of both counts.

*Counts V & VI.* In Count V of his Amended Complaint (Fraudulent Misrepresentation), Plaintiff alleges, in pertinent part, that "LP falsely and fraudulently represented to Plaintiff, the Class members, and/or the consuming public in general that LP's Trimboard would be free from defects and fit for its customary and normal use" (Dkt 14, Am. Compl. ¶ 84). Similarly, in Count VI (Fraudulent Concealment), Plaintiff alleges that "LP fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class that Trimboard is defective" (*id.* ¶ 96). Defendant argues that the economic loss doctrine bars these claims, which relate solely to the quality and characteristics of Defendant's TrimBoard (Dkt 22 at 10-13). Plaintiff did not respond to

8

Defendant's challenge to Counts V and VI, and this Court construes the omission as evidence of Plaintiff's intent to abandon these counts. Defendant is therefore entitled to dismissal of Counts V and VI.

**Count VII.** Last, in Count VII of his Amended Complaint (Unjust Enrichment), Plaintiff alleges that "LP has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Trimboard, the retention of which under these circumstances is unjust and inequitable because LP Trimboard was defective in design, was not fit for its ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by LP nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof" (Dkt 14, Am. Compl. ¶ 107).

The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. *Dumas v. Auto Club Ins. Ass'n*, 473 N.W.2d 652, 663 (Mich. 1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id.*

Here, the LP Warranty provides a contractual remedy for Plaintiff. Therefore, as Defendant points out, Plaintiff may not assert an unjust enrichment claim against LP because there is an express contract covering the same matter (Dkt 22 at 15). Additionally, an unjust enrichment claim requires Plaintiff to have conferred a benefit to LP that it would be inequitable for LP to retain. Here, Plaintiff alleges that LP sold the TrimBoard through distributors and wholesalers to builders, subcontractors, and/or agents, who then installed the TrimBoard on Plaintiff's residence (Am.

9

Compl. ¶¶ 18-19).  The Court agrees with Defendant that these indirect transactions do not state a

claim that Plaintiff conferred a direct benefit on Defendant (Dkt 22 at 14-15, citing *W. C. Ducomb*

*Co., Inc. v. Ann Arbor Mach. Co.*, No. 301988, 2012 WL 516089, at *3 (Mich. Ct. App. Feb. 16,

2012) (the plaintiff did not provide a benefit to the defendant because any benefit to the defendant

came from a third-party)).

In favor of a contrary conclusion, Plaintiff relies on a passing reference in *Kammer Asphalt*

*Paving Co. v. East China Twp. Schools*, 504 N.W.2d 635, 641 (Mich. Ct. App. 1993), that "plaintiff

indirectly provided defendant a benefit."  However, as set forth in another case upon which

Defendant relies, the facts of *Kammer* show that the defendant and the plaintiff were in contact with

one another during the course of the plaintiff's paving activities at athletic facilities owned by the

defendant and that the defendant directly benefitted from the plaintiff's work on those facilities (Dkt

22 at 15, citing *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich.

Ct. App. Feb. 28, 2008) (indirect purchasers of products did not have a viable unjust enrichment

claim)).

Therefore, treating all well-pleaded allegations in Plaintiff's Amended Complaint as true and

drawing all reasonable inferences from those allegations in favor of Plaintiff, Plaintiff has not

presented enough facts to state a plausible unjust enrichment claim.  Therefore, Defendant is entitled

to dismissal of Plaintiff's Count VII.

### III.  CONCLUSION

For the foregoing reasons, the Court determines that Defendant's Partial Motion to Dismiss

(Dkt 21) is granted, and the remaining dispute between these parties is whether Defendant is liable

to Plaintiff under the terms of the express LP Warranty.  An Order will be entered consistent with

this Opinion.  Defendant shall file an Answer to the Amended Complaint within 14 days of entry

of the Order.  *See* FED. R. CIV. P. 12(a)(4)(a).


DATED: July 22, 2013                          /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge